PATTERSON, Judge.
K.T. Transport, Inc. (K.T.) appeals from a final order of the trial court which dismissed with prejudice its complaint because it failed to comply with the pre-suit notice provisions of section 255.05, Florida Statutes (1987). We reverse.
In February 1987, appellee MCI Constructors, Inc. (MCI), as general contractor, entered into a contract with the West Coast Regional Water Supply Authority (the Authority), a public agency, for the improvement of real property under control of the Authority. Pursuant to section 255.05, MCI, as principal, and appellee National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union), as surety, executed and delivered a payment bond for the project.
On or about October 24, 1988, MCI entered into a subcontract with Earth Moving Contractors, Inc. (Earth Moving) for a portion of the work on the project. Earth Moving, in turn, entered into an agreement with K.T. to provide trucks for hauling materials.
On November 21, 1988, K.T. sent a “Notice to Owner” to the Authority advising it that K.T. was furnishing hauling services to the project pursuant to a contract with Earth Moving. K.T. sent a copy of this notice to MCI by certified mail. On December 15, 1988, K.T. sent a notice of nonpayment by certified mail to both MCI and National Union.
The appellees responded with a motion to dismiss asserting that K.T.’s “Notice to Owner” failed to comply with section 255.-05(2) because it did not express an intent to look to the bond for protection, as the statute requires. The lower court granted the motion with prejudice.
The appellees urge that our decision in W.G. Mills, Inc. v. M & MA Corp., 465 *42 So.2d 1388 (Fla. 2d DCA 1985), controls this case. We determined in Mills that a materials supplier was precluded from recovery by reason of noncompliance with section 255.05(2). Mills, however, is factually distinct from this case and is not controlling because in Mills the subcontractor failed to send its notice within the required forty-five day time frame. Here, K.T. sent its notices within the prescribed time limits. Mills is significant to this appeal because it approved of the substantial compliance test announced in School Board of Palm Beach County v. Fasano, Inc., 417 So.2d 1063 (Fla. 4th DCA 1982).
In Fasano the court held that a material supplier who had failed to state its intent to rely on the bond in its notice to the contractor had substantially complied with the requirements of section 255.05(2). The reason for this rule is that there is no other legal consequence of serving notice on the prime contractor within forty-five days of commencement of work on a public project other than to secure the rights afforded by section 255.05(2). As in Fasano, the question of substantial compliance is squarely presented in this case and the complaint should not have been dismissed.
Reversed and remanded.
SCHOONOVER, C.J., and PARKER, J., concur.